**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 24-4521**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ILDIBERTO GONZALEZ, JR.,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Thomas E. Johnston, District Judge.  (1:23-cr-00032-1)

―――――――――――

Submitted:  October 16, 2025                       Decided:  October 20, 2025

―――――――――――

Before KING, AGEE, and RICHARDSON, Circuit Judges.

―――――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  Charles T. Berry, Kingmont, West Virginia, for Appellant.  Jeremy Bryan Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ildiberto Gonzalez, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced Gonzalez to 168 months' imprisonment and three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether trial counsel provided ineffective assistance by failing to object to the application of a Sentencing Guidelines enhancement for Gonzalez's possession of a firearm and whether the sentence is reasonable. Gonzalez did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss Gonzalez's appeal of his sentence as barred by the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[ ] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Gonzalez knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and a sentence above the Sentencing Guidelines range corresponding to an offense level of 40. We therefore conclude that the waiver is valid and enforceable, and the sentencing issues counsel raise on appeal fall squarely within the scope of the waiver.

The waiver provision in the plea agreement does not preclude our review of Gonzalez's ineffective assistance claim. To demonstrate ineffective assistance of counsel, Gonzalez "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

The record does not conclusively establish that counsel rendered ineffective assistance by failing to object to the two-level enhancement for Gonzalez's possession of a firearm. Our review of the record shows that Gonzalez agreed to the stipulation of facts in his plea agreement and reviewed the presentence report, which included information regarding his possession of the firearm. Thus, we conclude that ineffective assistance of counsel does not conclusively appear on the face of the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm in part, grant the Government's motion, and dismiss the appeal as to all issues within the scope of the

3

appellate waiver.  This court requires that counsel inform Gonzalez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gonzalez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gonzalez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4